Date signed September 09, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 13-27177PM |
| JOHN EARL DOTSON | : | Chapter 7 |
| LINDIN LOUISE DOTSON | : | |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| NEVA LENT | : | |
| | : | Adversary No. 14-00402PM |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| JOHN EARL DOTSON | : | |
| LINDIN LOUISE DOTSON | : | |
| | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This matter came before the court on the Defendants' Motion to Dismiss Complaint for Filing Beyond the Deadline to Object to Dischargeability.  Having heard the parties' arguments at the hearing held September 4, 2014, and upon review of the record in both the Defendants' bankruptcy case and this adversary proceeding, the court will grant the Motion and dismiss the action.

The Defendants filed a chapter 13 bankruptcy case on October 9, 2013.  On November 21, 2013, the Plaintiff filed a Proof of Claim reflecting that notices should be sent to her address at 2480 Windy Hill Road SE, Suite 113, Marietta, Georgia 30067.  On March 21, 2014, the case

was converted to one under chapter 7. On March 21, 2014, a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines was issued (Dkt. No. 60). That Notice reflected the date of the meeting of creditors of April 30, 2014, and further provided a deadline to object to discharge or dischargeability of certain debts of June 30, 2014. On March 23, 2014, a Certificate of Notice was filed (Dkt. No. 62) reflecting that the Notice was mailed on the same day by first-class mail to, among others, "Neva Lent, 2480 Windy Hill Road, SE, Suite 113, Marietta, Georgia 30067-8608." On July 1, 2014, the Plaintiff commenced this adversary proceeding under 11 U.S.C. § 523(a)(2).

Section 523(c)(1) provides:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Thus, a creditor asserting a nondischargeable debt under 11 U.S.C. § 523(a)(2), as is the case here, must file a complaint within the time limitations prescribed by F.R.B.P. 4007(c), which time limitation is 60 days after the first date set for the meeting of creditors.

The record reflects that the Plaintiff was mailed notice of the date of the meeting of creditors and that the Notice set forth the deadline of June 30, 2014, for the filing of objections to dischargeability of certain debts; that the address that the Notice was mailed to was the same address reflected on the Proof of Claim filed by the Plaintiff; and that this adversary proceeding was filed after the deadline of June 30, 2014. Because of the filing of the Motion to Dismiss Complaint for Filing Beyond the Deadline to Object to Dischargeability, this court does not have the discretion to extend the deadline. Accordingly, an Order dismissing this adversary proceeding will be entered.

cc:    All parties

**End of Memorandum of Decision**